UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DE LAGE LANDEN FINANCIAL SERVICES, INC., <br><br> Plaintiff, <br><br> v. <br><br> MYASHKOV LOGISTICS, INC., AND NAYDEN MYASHKOV, <br><br> Defendants. | No. 24 CV 2307 <br><br> Judge Thomas M. Durkin |

**MEMORANDUM OPINION AND ORDER**

Plaintiff filed this lawsuit against Defendants Myashkov Logistics, Inc. ("MLI") and Nayden Myashkov ("Nayden") alleging breach of contract, breach of guaranty, replevin, and detinue. Plaintiff filed a motion for summary judgment under Federal Rule of Civil Procedure 56. R. 21. For the following reasons, the motion is granted.

**Background**

The following facts are taken from the parties' Local Rule 56.1 submissions, the materials cited therein, and other aspects of the record in this case. All facts are undisputed unless otherwise noted.

Between December 2021 and April 2023, MLI entered into three separate loan agreements (the "Agreements") with Plaintiff, whereby Plaintiff financed MLI's purchase of long-haul tractors and trailers (the "Equipment"). The Agreements also granted Plaintiff a security interest in the Equipment, which Plaintiff perfected by

recording, in Illinois, its lien as first lienholder. Nayden personally guaranteed all of the Agreements (the "Guaranties"). The Agreements required consecutive monthly payments to be made.

However, Defendants did not make any payment in August 2023 and September 2023. On September 1, 2023, Plaintiff sent emails to Defendants asking for payment of $41,101.58 to bring the accounts current. Plaintiff sent a follow-up email on September 8, 2023, requesting payment "or to surrender the equipment." R. 33-1 at 7. On October 3, 2023, MLI made a payment of $15,822.66 towards the Agreements, which was credited to the outstanding balance, but did not bring the accounts current. On October 21, 2023, Plaintiff again emailed Defendants requesting payment "or to surrender the equipment. A response is required by end of business on October 30, 2023. Otherwise, [Plaintiff] will look to enforce the terms and conditions of the contract." *Id.* at 8. Other than the October 3, 2023 payment, Plaintiff has received no payments from either MLI or Nayden. Consequently, Defendants have defaulted on the Agreements and the Guaranties. Plaintiff filed this action.

## Legal Standard

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). To defeat summary judgment, a nonmovant must produce more than a "mere scintilla of evidence" and come forward with "specific facts showing that there is a genuine issue for trial." *Johnson v. Advocate Health & Hosps. Corp.*, 892 F.3d

887, 894, 896 (7th Cir. 2018). The Court considers the entire evidentiary record and must view all the evidence and draw all reasonable inferences from that evidence in the light most favorable to the nonmovant. *Horton v. Pobjecky*, 883 F.3d 941, 948 (7th Cir. 2018). The Court does not "weigh conflicting evidence, resolve swearing contests, determine credibility, or ponder which party's version of the facts is more likely to be true." *Stewart v. Wexford Health Sources, Inc.*, 14 F.4th 757, 760 (7th Cir. 2021). Ultimately, summary judgment is warranted only if a reasonable jury could not return a verdict for the nonmovant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

## Discussion

I.  Breach of Contract and Breach of Guaranty

Plaintiff first brings claims for breach of contract against MLI (Count I) and breach of guaranty against Nayden (Count II). Defendants do not dispute that they failed to make the requisite payments and breached the Agreements and the Guaranties. Defendants' sole dispute is the date of default and the total judgment amount. These disputes, however, are not material to the issue of liability. *See Meyer, Darragh, Buckler, Bebenek & Eck, P.L.L.C. v. Law Firm of Malone Middleman, P.C.*, 137 A.3d 1247, 1258 (Pa. 2016) (To prove a breach of contract claim, the plaintiff must show "(1) the existence of a contract, including its essential terms, (2) a breach of the contract, and (3) resultant damages.") (citation omitted).[1] Accordingly, summary

---

[1] The Agreements and Guaranties have choice-of-law provisions which select Pennsylvania as the governing law.

judgment is granted as to Counts I and II. Plaintiff shall ensure the $15,822.66 payment is deducted from the final judgment amount.

II.     Replevin and Detinue

Next, Plaintiff brings claims for replevin (Count III) and detinue (Count IV). In order to succeed on a cause of action for replevin under Illinois law,[2] the plaintiff must prove that (1) it is the owner of the relevant property or lawfully entitled to the possession thereof; (2) that the property is wrongfully detained by the defendant; and (3) that the property is not subject to any state tax, assessment, or fine. 735 ILCS 5/19-104; *First Illini Bank v. Wittek Indus., Inc.*, 634 N.E.2d 762, 763 (Ill. App. Ct. 1994). Similarly, to succeed on a detinue claim, a plaintiff must prove that it is entitled to possession of the detained property and that the defendant is wrongfully in possession of it. *See PNC Equip. Fin., LLC v. Flash Limousine, Inc.*, No. 20 C 6773, 2021 WL 3142124, at *3 (N.D. Ill. July 25, 2021) (citing *Gary Acceptance Corp. v. Napilillo*, 86 Ill. App. 2d 257, 262 (1967)).

"After default, a secured party may take possession of the collateral[,]" which may be achieved "pursuant to judicial process[.]" 810 ILCS 5/9-609(a)(1), (b)(1); *cf. VFC Partners 39 LLC v. Huntley Bldg. Dev. Corp.*, No. 15-cv-9646, 2017 WL 2345543, at *3 (N.D. Ill. May 30, 2017) ("[P]ursuant to § 9-609(a) . . . Plaintiff is entitled to immediate possession of the collateral in the mortgages. . . . Since Defendants defaulted on the Notes . . . Plaintiff's rights as a secured creditor under the UCC

---

[2] The Equipment is titled, and the lien was perfected, in Illinois, and neither party disputes that Illinois law applies to the replevin and detinue claims.

entitled it to immediate possession of the collateral."). Possession by the debtor becomes wrongful after the debtor has refused a demand to surrender the property. *First Illini*, 634 N.E.2d at 763. The purpose of first requiring a demand is to afford the defendant the opportunity to restore entitlement to the possession of the property claimed without the expense of litigation. *See Ohio Power Shovel Co. v. Bond*, 267 Ill. App. 271, 278 (1932).

There are no disputes that Defendants defaulted on the Agreements and Plaintiff is legally entitled to the Equipment, and that the Equipment is free from any state tax, assessment, or fine. But Defendants contend that summary judgment should be denied because they dispute whether they received any demand to return the property. This dispute, however, is not genuine. *See Ellison v. United States Postal Serv.*, 84 F.4th 750, 755 (7th Cir. 2023) ("A genuine issue of material fact exists when, based on the evidence, a jury could find for the non-moving party."). The record shows that on at least two occasions, Plaintiff requested that Defendants surrender the Equipment if payments were not made. No payments were made, and the Equipment was not returned. Therefore, Plaintiff is entitled to summary judgment on Counts III and IV.

III. Attorneys' Fees

Lastly, Defendants contest Plaintiff's attorneys' fees. Specifically, Defendants object to the $1,475.00 amount for 5.9 hours to prepare, revise, and finalize the complaint, and the $825.00 amount for 3.3 hours to prepare a notice of deposition and deposition subpoenas. Where the parties have "contract[ed] to provide for the

5

breaching party to pay the attorneys fees of the prevailing party in a breach of contract case, . . . the trial court may consider whether the fees claimed to have been incurred are reasonable, and to reduce the fees claimed if appropriate." *McMullen v. Kutz*, 985 A.2d 769, 777 (Pa. 2009). The complaint is ten pages long with 51 paragraphs, and one notice of deposition and two deposition subpoenas were served. The issues in this case are not complex. Thus, the Court finds that the time spent on these matters and their entries are unreasonable and reduces them by one-third for a total of $1,533.33 to be added to the remainder of the fees sought.

## Conclusion

For the foregoing reasons, Plaintiff's motion for summary judgment, R. 21, is granted. By October 13, 2025, Plaintiff shall submit a proposed judgment order.

ENTERED:

*Thomas M Durkin*
_____
Honorable Thomas M. Durkin
United States District Judge

Dated: October 7, 2025

6